UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LODGEPOLE INVESTMENTS, LLC, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>PAUL BARSKY,<br><br>   Defendant. | Case No.  15-cv-00549-KAW<br><br>**ORDER GRANTING DEFENDANT PAUL BARSKY'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND**<br><br>Re: Dkt. No. 6 |

On February 11, 2015, Defendant Paul Barsky filed a motion to dismiss Plaintiffs Lodgepole Investments, LLC and Lodgepole Fund No. I, LLC's complaint alleging fraud, conversion, conspiracy, and unjust enrichment.

On March 19, 2015, the Court held a hearing, and after careful consideration of the parties arguments and the applicable legal authority, for the reasons set forth below, the Court GRANTS Defendant's motion to dismiss without leave to amend.

**I.   BACKGROUND**

Edward Gennady Barsky ("Gennady"), Defendant Paul Barsky's brother, was one of two managers of Plaintiffs Lodgepole Investments, LLC ("Lodgepole Investments") and Lodgepole Fund No. I, LLC ("Lodgepole Fund")(collectively "Lodgepole Entities"), both Nevada limited liability companies. (Compl., Dkt. No. 1, Ex. A ¶¶ 1-2, 8.)  The Lodgepole Entities are real estate investment companies, whose business includes funding private money loans through a strenuous underwriting process that required the approval of Gennady and the other manager, Margaret Taylor. (Compl. ¶¶ 12-13, 15-16.)  They do not make personal, unsecured loans. (Compl. ¶ 14.)

As a manager, Gennady had responsibility for day-to-day managerial tasks of the Lodgepole Entities, including dispersing funds to borrowers from the Lodgepole Entities bank accounts and making payments on behalf of the Lodgepole Entities. (Compl. ¶ 10.)  Gennady did

not have an ownership interest in the Lodgepole Entities, and was compensated through his management fees and occasional profit sharing when excess profits were generated. (Compl. ¶ 11.) At some point in time, but continuing through November 2012, Gennady began making payments, using Lodgepole Entities' funds, on credit cards in Defendant's name. (Compl. ¶ 17.) These were not made in the course or scope of Gennady's employment and were not authorized by Taylor or Plaintiffs. *Id.* Plaintiffs allege that the amount of payments made totaled $527,957.29. (Compl. ¶ 18.) Gennady did not obtain any of the documentation from Defendant that the Lodgepole Entities required of qualified borrowers nor did he otherwise secure the loan. (Compl. ¶ 19.)

Due to other discovered improprieties, Gennady resigned as a managing member on October 31, 2012. Compl. ¶ 39, *Lodgepole Investments, LLC v. Edward Gennady Barsky, et al.*, Case No. 13-00446-NC (N.D. Cal. Jan. 31, 2013)("2013 Action"), ECF No. 1.[1]  The Lodgepole Entities discovered the improper taking of the funds for credit card payments in mid-November 2012. (Compl. ¶ 23.)

On or about January 28, 2013, Gennady filed for Chapter 11 Bankruptcy relief. (Compl. ¶ 24.)

On January 31, 2013, Lodgepole Investments filed a lawsuit in federal court against Gennady and his two companies, St. Tropez Capital, LLC and Monaco Development, LLC alleging that he had misappropriated "at least 11.9 million from the Lodgepole Entities," including using the Lodgepole Entities' funds for the "payment of charges to credit cards held in the name of Barsky's parents, Rozaliya and Vladimir Kats, and his brother, Paul I. Barsky." Compl. ¶¶ 2, 2013 Action. Lodgepole Fund was not a plaintiff in that litigation, because it "assigned its claims against Barsky, St. Tropez Capital, and Monaco Development to Lodgepole Investments, which [ ]

---

[1] The Complaint in this action states that Gennady was forced to resign in November 2012 after the fraudulent transactions were discovered. (Compl. ¶ 47.)  The complaint in the 2013 action, however, provides that Gennady's resignation was the result of the misappropriation of other funds and was effective on October 31, 2012, and prior to the discovery of the improper credit card payments. *See* Compl. ¶ 39, 2013 Action. Therefore, the Court need not accept as true Plaintiffs' allegation that Gennady resigned due to the discovery of the fraudulent credit card transactions. *See Mullis v. United States Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

pursu[ed] those claims as the real party in interest." Compl. ¶ 43, 2013 Action.

On December 19, 2013, Lodgepole Investments dismissed the case with prejudice pursuant to a settlement agreement. Not. of Dismissal, 2013 Action (Dec. 19, 2013), ECF No. 26; Pls.' Opp'n at 3.

On October 31, 2014, Plaintiffs Lodgepole Investments and Lodgepole Fund filed the instant action against Defendant Paul Barsky in Contra Costa County Superior Court, alleging fraud, conversion, conspiracy, and unjust enrichment in connection with the same payments Gennady allegedly made on credit cards held in Defendant's name, which were alleged in the prior action, and specifically alleged that Defendant was a co-conspirator. On February 4, 2015, Defendant removed the case to federal court.

On February 11, 2015, Defendant filed a motion to dismiss on the grounds that the lawsuit was barred by res judicata. (Def.'s Mot., Dkt. No. 6.) On February 25, 2015, Plaintiffs filed their opposition. (Pls.' Opp'n, Dkt. No. 14.) On March 4, 2015, Defendant filed his reply. (Def.'s Reply, Dkt. No. 19.)

On March 19, 2015, the Court held at hearing on Defendant's motion to dismiss.

## II.  LEGAL STANDARD

### A.  Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).  In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate.  *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim.").  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . .  When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

**B.    Request for Judicial Notice**

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a 12(b)(6) motion to dismiss for failure to state a claim. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bernal–Obeso*, 989 F.2d 331, 333 (9th Cir.1993).  "[A] court may take judicial notice of 'matters of public record,'" *Lee*, 250 F.3d at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*, 14

4

F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. United States Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

### III.   DISCUSSION

**A.   Requests for Judicial Notice**

**i.   Defendant's Request for Judicial Notice**

As a preliminary matter, Defendant asks that the Court take judicial notice of a number of documents in support of his motion to dismiss. (Def.'s Req. for Judicial Not., "Def.'s RJN," Dkt. No. 7.) The documents are purportedly true and correct copies of: A) Complaint filed in *Lodgepole Investments, LLC v. Edward Gennady Barsky, et al.*, Case No. 13-00446-NC (N.D. Cal. Jan. 31, 2013), ECF No. 1; B) A proof of claim (Claim No. 6) for the amount of $13,000,00 filed in *In re Edward Gennady Barsky,* Case No. 2:13-bk-12277-ER (May 30, 2013); C) A proof of claim (Claim No. 9) for the amount of $13,000,00 filed in *In re St. Tropez Capital, LLC,* Case No. 2:13-12291-ER (June 13, 2013); D) Settlement Agreement and Mutual Release, attached as Exhibit A to the Notice of Motion and Motion Pursuant to Federal Rule of Bankruptcy Procedure 9019(A) for Order Approving Settlement Agreement and Resolving Claims of Lodgepole Investments, LLC and Lodgepole Fund No. I, LLC (Sep. 20, 2013); E) Notice of Motion and Motion Pursuant to Federal Rule of Bankruptcy Procedure 9019(A) for Order Approving Settlement Agreement and Resolving Claims of Lodgepole Investments, LLC and Lodgepole Fund No. I, LLC, Declaration of Edward Gennady Barsky in support thereof, filed in *In re Edward Gennady Barsky,* Case No. 2:13-bk-12277-ER (Oct. 1, 2013), ECF No. 91; F) Notice of Motion and Motion Pursuant to Federal Rule of Bankruptcy Procedure 9019(A) for Order Approving Settlement Agreement and Resolving Claims of Lodgepole Investments, LLC and Lodgepole Fund No. I, LLC, Declaration of Edward Gennady Barsky in support thereof, filed in *In re St. Tropez Capital, LLC,* Case No. 2:13-12291-ER (Oct. 1, 2013), ECF No. 91; G) Order Approving Compromise of Controversies between the Debtor Edward Gennady Barsky and (I) Nellie Presman and (II) Lodgepole Investments, Inc. and Lodgepole Fund entered in *In re Edward*

*Gennady Barsky,* Case No. 2:13-bk-12277-ER (Oct. 24, 2013), ECF No. 99; H) Order Approving Settlement Agreement Resolving Claims of Lodgepole Investments, LLC and Lodgepole Fund No. I, LLC entered in *In re St. Tropez Capital, LLC,* Case No. 2:13-12291-ER (Oct. 24, 2013), ECF No. 178; I) Notice of Withdrawal of Proof of Claim No. 6, filed by Lodgepole Investments, LLC in *In re Edward Gennady Barsky,* Case No. 2:13-bk-12277-ER (Dec. 18, 2013), ECF No. 117; J) Notice of Withdrawal of Proof of Claim No. 9, filed by Lodgepole Investments, LLC in *In re St. Tropez Capital, LLC,* Case No. 2:13-12291-ER (Dec. 18, 2013), ECF No. 214; and K) Notice of Dismissal with Prejudice, filed in *Lodgepole Investments, LLC v. Edward Gennady Barsky, et al.*, Case No. 13-00446-NC (N.D. Cal. Dec. 19, 2013), ECF No. 26.

Plaintiffs filed an opposition to Defendant's request for judicial notice, in which they object to all of the exhibits on the grounds that they are irrelevant, lack foundation, and are impermissible hearsay. (Dkt. No. 14-1.) Interestingly, Plaintiffs object to Exhibit A, the complaint filed in the 2013 action, even though they also request that the Court take judicial notice of that document. *See* discussion *infra* Part III.A.ii. Nevertheless, the Court will take judicial notice of Exhibit A, because judicial notice may be taken of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

Accordingly, the Court will also take judicial notice of Exhibits B through K, as all exhibits are court records. Regarding Exhibit D, the Settlement Agreement, the Court only takes notice that an agreement was entered into between Gennady and Lodgepole Investments, which is undisputed.[2]

Accordingly, the Court GRANTS Defendant's request for judicial notice.

### ii. Plaintiffs' Request for Judicial Notice

Plaintiffs ask that the Court take judicial notice of a number of documents in support of their opposition. (Pls.'s Req. for Judicial Not., "Pls.'s RJN," Dkt. No. 14-2.) The documents are purportedly true and correct copies of: A) Complaint filed in this action; and B) Complaint filed in *Lodgepole Investments, LLC v. Edward Gennady Barsky, et al.*, Case No. 13-00446-NC (N.D.

---

[2] As discussed below, the Court need not interpret the terms of the Settlement Agreement to resolve the instant motion. *See* discussion *infra* Part III.B.

1    Cal. Jan. 31, 2013), ECF No. 1.  The Court will take judicial notice of both exhibits, as judicial

2    notice may be taken of court records.

3      Accordingly, the Court GRANTS Plaintiffs' request for judicial notice.

    **iii.   Defendant's Supplemental Request for Judicial Notice**

  Defendant asks that the Court take judicial notice of a purportedly true and correct copy of the complaint filed in Contra Costa County Superior Court in *Lodgepole Investments, LLC, et al. v. Vladimir Kats, et al.*, Case No. 14-01979 (Oct. 30, 2014).  (Def.'s Supplemental Req. for Judicial Not., "Def.'s Suppl. RJN," Dkt. No. 20, Ex. L.)  The Court will take judicial notice of Exhibit L, as judicial notice may be taken of court records.

  Accordingly, the Court GRANTS Defendant's supplemental request for judicial notice.

**B. Motion to Dismiss**

  Defendant contends that the doctrine of res judicata bars the complaint in its entirety, because the instant action arises out of the same claims of wrongdoing by Gennady that were previously litigated in 2013. (Def.'s Mot. at 1, 7.)  Res judicata, or claim preclusion, "provides that 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.'" *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)); *United States v. Bhatia*, 545 F.3d 757, 759 (9th Cir. 2008); *In re Dominelli*, 820 F.2d 313, 316 (9th Cir. 1987)(quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)).  Res judicata also bars claims that could have been raised in the prior action. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (citation omitted). "The doctrine is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Id.* (citation omitted).

  Res judicata only applies if the party against whom the earlier decision is asserted had a "full opportunity and fair opportunity to litigate the claim." *In re Dominelli*, 820 F.2d at 316 (quoting *Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 480 n. 22 (1982)); *see also Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).

    **i.   This action involves the same claims**

  Plaintiffs argue that res judicata does not apply because while "the claimed damages may

7

1  overlap in the two actions, the claims of wrongful conduct alleged against Gennady are different
2  from the claims of wrongful conduct alleged in the present action." (Pls.' Opp'n at 9.)  This is
3  argument unavailing, because res judicata also bars litigation in a subsequent action of any claims
4  that could have been raised in the prior action, so long as the harm suffered is the same. *Owens*,
5  244 F.3d at 713 (quoting *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th
6  Cir.1997)); *San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys.*, 568 F.3d 725,
7  734 (9th Cir. 2009)(quoting *Agarwal v. Johnson*, 25 Cal. 3d 932 (1970)).  Lodgepole Investments
8  specifically alleged, in the prior action, that Gennady used the Lodgepole Entities' funds to make
9  payments on credit cards that were in Defendant's name. *See* Compl. ¶ 34(k), 2013 Action.

10  Nonetheless, Plaintiffs did not name Barsky as a defendant in that lawsuit.  At the hearing,
11  Plaintiffs argued that if they had named Barsky in the original lawsuit that those claims would
12  "have been fruitless" due to the bankruptcy stay, because they would have been unable to conduct
13  discovery.  This does not excuse Plaintiffs' failure to name Defendant, because they were aware
14  that Gennady used corporate funds to pay off credit cards that were in his name.  Further, had
15  Defendant been named in the 2013 action, Gennady's bankruptcy stay would not have necessarily
16  prevented the civil case from going forward against him for fraud and unjust enrichment. *In re*
17  *Advanced Ribbons & Office Products, Inc.*, 125 B.R. 259, 263 (B.A.P. 9th Cir. 1991) (Bankruptcy
18  Code "section 362(a) does not stay actions against guarantors, sureties, corporate affiliates, or
19  other non-debtor parties liable on the debts of the debtor.").  Defendant would also have had an
20  opportunity to participate in the settlement agreement ultimately reached in that case.

21  At the hearing, Plaintiffs further argued that they would have had to amend the 2013
22  complaint and proceed against Barsky separately.  To the contrary, Plaintiffs could have brought
23  unjust enrichment and fraud allegations against Defendant under California's Unfair Competition
24  Law in the initial complaint, because they knew that Gennady had used corporate funds to make
25  payments on credit cards in Barsky's name, which would have been sufficient to survive the
26  pleadings stage.  Instead of pursuing their claims against Defendant in 2013, Plaintiffs entered into
27  a settlement agreement with Gennady and dismissed the case with prejudice and withdrew their
28  bankruptcy claims.

Plaintiffs were correct in stating that they were under no obligation to name Defendant in the original lawsuit. That decision, while undoubtedly the result of their litigation strategy at the time, was at their peril. That a particular cause of action in this case alleges that Defendant was unjustly enriched by receiving the benefit of the misappropriated funds, in addition to the allegations of fraud, is immaterial, because all claims arise from the same transaction and occurrence and could have been alleged in the prior action. *Owens*, 244 F.3d at 713 (citations omitted).

Therefore, since all claims could have been alleged against Defendant in the prior action, the same claims requirement is satisfied.

### ii. Settlement is a final judgment on the merits

There is no dispute that Lodgepole Investments entered into a settlement agreement with Gennady and his corporate codefendants in the 2013 action, which resulted in the lawsuit being dismissed with prejudice. (Not. of Dismissal, Def.'s RJN, Ex. K.) A settlement and subsequent dismissal of an action is a final judgment on the merits. *In re Dominelli*, 820 F.2d at 316. At the hearing, Plaintiffs argued that they were not made whole by the terms of the settlement agreement. By definition, a settlement, however, does not necessarily provide full compensation to the aggrieved party, but is still a settlement of all claims and operates as a judgment on the merits. Thus, the settlement and subsequent dismissal of the 2013 action constituted a final judgment for the purposes of claim preclusion.

### iii. This action involves the same party or parties as the 2013 action against Defendant's brother.

Plaintiffs contend that Defendant is not in privity with Gennady, such that res judicata does not apply. (Pls.' Opp'n at 8-9.) At the hearing, Plaintiffs argued that they could not have prevailed against Defendant in the earlier action, so there is no privity. Plaintiffs rely on *United States v. ITT Rayonier, Inc.*, 627 F.2d 996, 1001 (9th Cir. 1980),[3] for the proposition that they can proceed in a subsequent action against Defendant because he was not a party to the first lawsuit and

---

[3] At the hearing, Plaintiffs, in addition to providing an inaccurate citation, erroneously stated that the parties cited to this case in their moving papers. They did not.

9

Plaintiffs did not have the benefit of a judgment against him.[4]  This argument, however, misstates the same party/privity requirement, which only applies to the party or parties against whom res judicata is asserted, rather than the party who raises the defense. *See Montana,* 440 U.S. at 153. Moreover, the fact that Barsky was not a defendant in the first action does not prevent him from asserting res judicata here, because Plaintiffs' claims allege the same injury (loss of funds), and the same wrong (misappropriation of funds), as those asserted in the 2013 action. *San Diego Police Officers' Ass'n*, 568 F.3d at 736 (different defendants successfully asserted claim preclusion against plaintiff) (citing *Brinton v. Bankers Pension Servs., Inc.*, 76 Cal. App. 4th 550, 557-58 (1999)).

The issue is, therefore, whether Plaintiffs are either the same parties or are in privity with the parties to the 2013 action.  Lodgepole Investments was the sole plaintiff in the 2013 action. *See* Complaint at 1, *Lodgepole Investments, LLC v. Edward Gennady Barsky, et al*., Case No. 13-00446-NC (N.D. Cal. Jan. 31, 2013), ECF No. 1.  According to the 2013 complaint, Lodgepole Fund assigned its rights to Lodgepole Investments. Compl. ¶ 43, 2013 Action.  Therefore, Lodgepole Fund's rights were adjudicated through settlement, and the same parties/privity requirement is satisfied.

Accordingly, the three elements of the res judicata doctrine are satisfied, and the instant lawsuit is barred by claim preclusion.  As a result, the Court need not consider whether the specific causes of action were sufficiently pled.

///

///

///

///

///

---

[4] The Court notes that the Ninth Circuit's holding in *ITT Rayonier* is unfavorable to Plaintiffs' position, as the court found that privity existed between the Washington Department of Energy (DOE) and the U.S. Environmental Protection Agency (EPA), such that the EPA was estopped from litigating the same issue against ITT Rayonier in federal court that DOE had previously litigated in state court. 627 F.2d at 998.

### IV.     CONCLUSION

In light of the foregoing, Defendant Paul Barsky's motion to dismiss is GRANTED without leave to amend, because Plaintiffs' lawsuit is barred by res judicata and any amendment would be futile.  The Clerk shall close the case.

IT IS SO ORDERED.

Dated: March 23, 2015

_____
KANDIS A. WESTMORE
United States Magistrate Judge